

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH HEATER, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 5403 |
| ) | |
| v. ) | Judge Joan Lefkow |
| ) | |
| LOCAL UNION NO. 176 International ) | Magistrate Judge Cole |
| Brotherhood of Electrical Workers ) | |
| AFL-CIO and Joint Apprenticeship and ) | |
| Training Committee, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR RULE 50(a) JUDGMENT AS A MATTER OF LAW

NOW COME the Defendants, LOCAL UNION NO. 176 International Brotherhood of Electrical Workers AFL-CIO and Joint Apprenticeship and Training Committee, by and through their attorney, DONALD D. SCHWARTZ, ARNOLD AND KADJAN, and pursuant to FRCP 50(a), moves for judgment as a matter of law as there is no legally sufficient basis for a reasonable jury to find for Plaintiff on Counts I through IV. Reeves v. Sanderson Plumbing Products, 530 U.S. 133 (2000).

In support of its Motion, Defendants state as follows:

1. First, Defendants are entitled to direct verdict on Plaintiff's ADA reasonable accommodation claim. Plaintiff has failed to prove she was disabled under the Americans with Disabilities Act (ADA) as Attention Deficit Disorder (ADD). Moreover, her disorder does not affect a major life activity as determined in Leisen v. City of Shelbyville, 153 F.3d 805, 806 (7th Cir. 1998) and followed in Ristrom v. Asbestos Workers Local 34 JATC, 370 F.3d 763 (8th Cir. 2004) affirming summary judgment for the defendant JATC.

2. No expert testimony was presented by Plaintiff of her substantial limitation on the ability to learn as compared to the average person in the general population.

3. Plaintiff is not disabled as she could and did compensate for impairment through medication. Albertsons, Inc. v. Kirkingburg, 527 U.S. 555, 565 (1999).

4. Defendants did not perceive her as disabled as no notice of her claimed disability was furnished until October, 2004 after she already failed four tests in her third year of the training program. No notice of her disability was given prior to her being on the verge of repeating the third year. Upon failing her fifth test, she appeared before the JATC Board on June 8, 2005 who determined she should repeat her third year. The JATC, per Dr. Garbolski's January 24, 2005 note, recommended additional time on tests and one on one tutoring which was provided to her by Messrs. French and Veryshay.

5. Expert testimony is required to establish the accommodations required by a disabling condition. Stern v. Univ. of Osteopathic Medicine, 220 F.3d 906, 908-909 (8th Cir. 2001). Plaintiff presented no such experts. Plaintiff cannot identify what accommodations are necessary and reasonable.

6. The new and untimely accommodations of July 12, 2005 were unreasonable as a matter of law. They sought "adjustment of the GPA/grade threshold requirement provisions of a tutor/mentor during instruction and exams to verify understanding (with the prior unlimited exam time taken alone) plus the ability to retake exams previously taken (presumably the second chance exams would have the adjusted grade threshold and tutor mentor. A no second chance to pass is not an accommodation required by the ADA. Siefken v. Village of Arlington Heights, 65 F.3d 664, 668 (7th Cir. 1995).

7. McGregor v. Louisiana Board of Supervisors, 3 F.3d 850 (5th Cir. 1993) found such accommodations, if granted, to be preferential treatment beyond the scope of the ADA. They are substantial modifications that force the JATC to either lower its academic standard and pass Plaintiff to the next level or to compromise the reasonable policy of its academic program. The decision regarding classroom and testing requirements should be deferred to the institution that sets such requirements.

8. To make such an unreasonable and drastic changes to the JATC program approved by the United States Department of Labor, Bureau of Apprenticeship Standards, undermines public health and safety of members to work safely and effectively on the job.

9. Plaintiff cannot prevail as a matter of law on her reasonable accommodation claim as she has failed to prove she is disabled under the ADA, was not substantially limited in her ability to learn, and failed to establish reasonable accommodations.

10. Plaintiff's claim of a hostile work environment, a harassment under the ADA, fail as she is not disabled under the ADA and the alleged conduct is not severe or permanent.

11. Plaintiff has failed to prove that either the Union or the JATC are liable for sex discrimination. Plaintiff was employed by Inland Electric and K & R Electric. It is her employers' responsibility under Title VII to remedy such a situation if it existed. EEOC v. Pipefitters Ass'n Local 597, 334 F.3d 656, 658 (7th Cir. 2003) unions do not have an affirmative duty to prevent sex discrimination.

12. Plaintiff cannot prevail on her intentional infliction of emotional distress as it fails to state a cause of action under Illinois law. Lifton v. Board of Education of City of Chicago, 416 F.3d 571, 579-580 (7th Cir. 2005) liability does not extend to mere insults, threats, annoyance, petty oppression or trivialities. Honaker v. Smith, 256 F.Supp. 3d 477, 490 (N.D. Ill.

2001) citing <u>Public Finance Corp. v. Davis</u>, 66 Ill.2d 85, 260 N.E.2d 765 (1975) finding constant verbal abuse, intimidation and threats to terminate employment non-actionable as passivity in the face of working conditions alleged to be intolerable is inconsistent with the allegations. The conduct did not rise to the level of outrageous conduct.

13. There is no evidence of any involvement of Local 176 in any activity involving Plaintiff.

14. There is no evidence of any involvement of Local 176 in any activity involving Plaintiff.

WHEREFORE, Defendants, LOCAL UNION NO. 176 International Brotherhood of Electrical Workers AFL-CIO and Joint Apprenticeship and Training Committee, pray for entry of judgment as a matter of law on Plaintiff's Complaint as:

1. Plaintiff has failed to prove any case of Americans with Disabilities Act or Title VII sex discrimination against the Union as the union has no involvement in the case.

2. Plaintiff has failed to prove an Americans with Disabilities Act claim against the JATC as she has not established her claimed ADD is a "disability" that cannot be remedied with medication, that it interferes with a major life activity, or that the accommodations sought, a second chance at all five failed tests, a lowered standard and tutor during the tests were reasonable.

3. Plaintiff has no evidence to support an ADA harassment claim.

4. Plaintiff has failed to establish sex discrimination.

5. Plaintiff's Intentional Infliction of Emotional Distress fails as there was no behavior rising to the level of extreme and outrageous conduct.

6. Defendants' pray for judgment under FRCP 50(a) and that a verdict be rendered in their favor.

>LOCAL UNION NO. 176 International Brotherhood of Electrical Workers AFL-CIO and Joint Apprenticeship and Training Committee, Defendants
>
>By: s:/Donald D. Schwartz
>One of Their Attorneys

DONALD D. SCHWARTZ
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Suite 300
Chicago, Illinois 60604
(312) 236-0415